UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WILLIAMS,

        Petitioner,

                               CIVIL ACTION NO. 05-CV-74798-DT
v.                               HONORABLE LAWRENCE P. ZATKOFF

DOUGLAS VASBINDER,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.      Introduction**

      Petitioner, a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the loss of 3,285 special good time credits which he claims were improperly forfeited by Warden Terry Sherman of the Ojibway Correctional Facility.  For the reasons set forth below, this Court concludes that the petition must be dismissed without prejudice for failure to exhaust state court remedies.

**II.     Discussion**

      Petitioner is currently serving a sentence of 25 to 50 years imprisonment arising from a 1975 second-degree murder conviction.  In his pleadings, Petitioner claims that his anticipated release date of August 11, 2002 was changed to August 16, 2011 when Ojibway Correctional Facility Warden Terry Sherman improperly forfeited 3,285 days of special good time credits.  Petitioner asserts that the warden's action usurped the authority and jurisdiction of the Michigan Parole Board

1

and violated the Separation of Powers Clause.

Petitioner does not indicate when the forfeiture of special good time credits occurred nor does he indicate what steps, if any, he took to challenge such action within the Michigan Department of Corrections or in the Michigan courts. Petitioner dated the present petition for writ of habeas corpus on December 9, 2005 and it was filed by the Court on December 19, 2005.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

Petitioner has not met his burden of showing exhaustion of state remedies. Petitioner does not indicate what steps, if any, he took to challenge the loss of his special good time credits by pursuing administrative remedies within the Michigan Department of Corrections and/or by seeking relief in the Michigan courts through the filing of a state habeas corpus petition. *See Butler v. Warden,* 100 Mich. App. 179; 298 N.W.2d 701 (1980); *see also Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-80; 371 N.W.2d 862 (1985). When a prisoner appears to have an available state remedy by which to exhaust his habeas claims, his habeas petition should be dismissed. *See Foster*, 159 F. Supp. 2d at 638. Any doubts about the availability of state corrective processes are resolved in favor of exhaustion. *See Lukity v. Elo,* 2000 WL 1769507, * 4 (E.D. Mich. Oct. 10, 2000). Because Petitioner has available state remedies by which to exhaust his claims, his habeas

petition is premature and must be dismissed.

**III.     Conclusion**

Based upon the foregoing analysis, this Court concludes that Petitioner has not fully exhausted his state remedies and must do so before attempting to proceed before this Court in a federal habeas action.  Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 28, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

3